## DAVID BUCHANAN vs. CITY OF DULUTH.

### May 1, 1889.

**City—Liability for Defect in Sewer.**—Evidence considered sufficient to justify a verdict charging a municipal corporation with negligence in the construction of a culvert, and to justify the verdict as to the amount of damages caused by water overflowing the plaintiff's premises.

Appeal by defendant from an order of the district court for St. Louis county, *Stearns*, J., presiding, refusing a new trial.

*S. L. Smith*, for appellant.

*White & Hewit*, for respondent.

DICKINSON, J. In this action a recovery is sought for injury to a stock of groceries, caused by the obstruction of a culvert or sewer in a street of the city of Duluth, so that the water flowing in a gutter in the street, and which was intended to be discharged by the culvert, set back and flowed into the cellar of the plaintiff's store. The store was situate upon this street, just above the point where the gutter emptied into the culvert. The culvert was three feet square, but running diagonally through it from side to side was a gas-pipe ten inches in diameter. This was nine inches above the bottom of the culvert. It is conceded that, if unobstructed, the culvert was of sufficient size. The overflow in this instance occurred in the night, a violent rain-storm causing a large volume of water to flow in these channels. The immediate cause of the overflow was that the culvert was obstructed by reason of a considerable quantity of matter, such as wire, hoops, pieces of boards, stones, sand, straw, and other materials becoming jammed against and about the gas-pipe in the culvert, so as to wholly prevent the water flowing through it. The case, as presented at the trial and as submitted to the jury without objection, involved the question as to whether the city was chargeable with negligence in constructing the culvert so as to inclose the gas-pipe. The verdict of the jury must be deemed conclusive against the defendant upon this point. The evidence strongly, if not conclusively, showed that immediately prior to this storm the culvert

was unobstructed, except, perhaps, by two or three inches of sand. The defendant sought to show that the obstruction by foreign substances was largely attributable to the plaintiff's negligence in leaving such substances where they would be likely to be carried into the culvert; but upon this point, also, there was sufficient evidence opposed to the claim of the defendant to sustain the verdict of the jury.

The contention of the appellant as to the amount of the recovery involves the question of the credibility of the uncontradicted testimony of the plaintiff, and this the jury were properly allowed to determine. The appellant contends that there was no evidence supporting the verdict of the jury in this respect. We do not find this to be the case. The testimony of the plaintiff is to the effect that he made an inventory of the damaged goods at once, with their market value before injury, which inventory was verified by his testimony as being correct, and was produced in evidence; that he sold the damaged goods, excepting those which he specifies as having been rendered wholly worthless, for all that he could procure, and the sum thus realized was stated, together with his opinion that their value was even less than that. There was no contradiction of this evidence, and the verdict was far within the amount of the damages thus indicated by the plaintiff's testimony. We discover no sufficient reason why the determination of the jury as to the credibility of this testimony should be set aside.

Order affirmed.